IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSSA HODGE and JAQUA SOWELLS, on behalf of themselves and similarly situated employees, | CIVIL ACTION |
| Plaintiffs, | FILED ELECTRONICALLY |
| v. | CLASS/COLLECTIVE ACTION |
| LIFESTYLE INTEGRITY & FULLNESS TREATMENT CENTER LLC, | |
| Defendant. | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Alyssa Hodge ("Hodge") and Jaqua Sowells ("Sowells") (together "Plaintiffs") bring this lawsuit against Lifestyle Integrity & Fullness Treatment Center LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs both reside in Fountain Hill, PA (Lehigh County).

5. Defendant is a corporate entity that, according to paystubs issued to Plaintiffs, is headquartered at 526-678 South Aubrey Road, Allentown, PA 18109 (Lehigh County).

6. Plaintiffs are employees covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides various services (including, *inter alia*, "socialization," "literacy," "wellness," and "recreation" services) to adults with intellectual disabilities. *See generally* https://theliftcenter.net/ (last viewed 5/17/24).

9. Defendant employs workers who are paid an hourly wage to provide services to Defendant's clients and perform other work associated with Defendant's business operations. We will call these individuals "hourly employees."

10. Plaintiffs worked for Defendant as hourly employees during the three-year period relevant to this lawsuit.

11. Plaintiffs, like other hourly employees, often worked over 40 hours per week.

12. The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). Notwithstanding, Defendant often fails to pay such overtime wages. For example, during the two-week pay period ending April 27, 2024, Sowells was credited with working 133.62 combined total hours and was paid at his regular hourly pay rates of $17.00, $18.00, and $19.00 (depending on his job assignment) for *all* such hours; no overtime premium payments were made.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. They sue on behalf of all individuals who, during any time after May 17, 2021, have been employed by Defendant, paid an hourly wage, and credited with working a combined total of over 40 hours during any week.

14. Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

17. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

21. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

22. In paying Plaintiffs and other collective members regular hourly pay rates for total combined hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

23. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24. Defendant has violated the PMWA by paying Plaintiffs and other collective members regular hourly pay rates for total combined hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date: May 17, 2024

Respectfully,

_____
Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mtolodziecki@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

*Alyssa Hodge*

Signature – Alyssa Hodge

05/17/2024

Date

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

*Jaqua Sowells*
―――――――――――――――――
Signature – Jaqua Sowells


05/17/2024
―――――――――――――――――
Date

The signed document can be validated at https://app.vinesign.com/Verify